## 48011. SMITH v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for voluntary manslaughter and from the denial of his motion for a new trial. He received a sentence of four years.

On the evening of the homicide, the defendant, the victim Wilcox and many other people had been partying in a back room of a beer and wine store. When the defendant and some of his friends began to leave, Wilcox followed them out to the car, accused the

defendant of having made some sort of trouble for him, and struck the defendant in the face knocking him against the car.

The defendant left the scene, drove to his mother's home where he picked up a pistol and returned to the store. He testified that he was afraid of Wilcox—afraid he would be killed by him—and that he had intended to use the pistol only to disarm Wilcox so he could "have it out with him in a fair fist fight." All witnesses agreed that Wilcox was known to habitually carry a pistol.

The defendant testified that when he entered the room, Wilcox dropped the telephone he had been using and reached for his gun; and that only then did the defendant start shooting. The party on the other end of the line testified that he heard shots and the sound of the telephone falling. The medical testimony revealed that one of the bullets entered the victim's right hand at an angle consistent with his hand being in position for holding a telephone receiver to his ear, and that the hand was rendered unusable. One of the merrymakers (who were all in another room at the time of the shooting) testified that he removed Wilcox's gun from under his belt after his death.

The sole issue on this appeal is whether the court erred in excluding the proffered testimony of three witnesses that Wilcox had, some two or three months previously, made threats on the defendant's life, which were communicated to the defendant; and which, he contends, caused him to have a reasonable fear that it was necessary to kill in order to save his own life.

The law of Georgia decidedly favors the admission of this type of evidence in this type of case. See *Jarrard v. State,* 206 Ga. 112 (55 SE2d 706); *Baker v. State,* 142 Ga. 619 (83 SE 531); *June v. State,* 213 Ga. 311 (99 SE2d 70); *Evans v. State,* 227 Ga. 571 (181 SE2d 845); *Scott v. State,* 214 Ga. 154 (103 SE2d 545).

However, the state contends that the threats were merely

conditional, i.e., that Wilcox only said he would kill the defendant if he showed up in Claude Cook's swamp; and as the shooting took place elsewhere, these threats were irrelevant to show defendant's fear there. We cannot entirely agree with this interpretation of defendant's state of mind. It is not unlikely that, having been knocked around by Wilcox somewhere else, the defendant could believe that the threats to kill him were also transferable from the swamp.

The state also contends, in effect, that the evidence demands a finding that defendant did not shoot in self-defense or under the fear of a reasonable man. While the weight of the evidence might support this view, the defendant testified under oath to the contrary. With the evidence in conflict, no verdict could be demanded.

Therefore, under the authority cited above, the court erred in excluding the testimony.

*Judgment reversed. Evans and Clark, JJ., concur.*

SUBMITTED APRIL 4, 1973 — DECIDED APRIL 12, 1973.

*Leon A. Wilson, II,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.