## 29757. GRAHAM v. THE STATE.

HILL, Justice.

Appellant Isaac Graham, an inmate of Georgia State Prison, was indicted for the murder of a fellow prisoner, Henry "Red" Watkins, tried by a jury in the Superior Court of Tattnall County, convicted and sentenced to life imprisonment on April 26, 1974. Following the overruling of his amended motion for new trial he filed his notice of appeal.

1. Appellant's first enumeration of error is that the verdict of guilty was contrary to the evidence, without evidence to support it and strongly against the weight of the evidence because the verdict was contrary to law and the principles of justice and equity. He argues that there was no evidence of malice aforethought.

Upon the trial the state introduced testimony from the doctor who performed the autopsy and two correctional officers at Georgia State Prison. The doctor testified that there were six stab wounds on the body, only one of which, in the right stomach area over the liver, could be fatal. The other stab wounds were on the arm, shoulder, leg and left side of the back.

The two officers both testified in substance that at 7:30 a.m. on the morning of May 25, 1973, they were on duty in the hall of cell house M-4 at Reidsville within 30 feet of the shower and lavatory area; that they heard a man holler and looked into the shower area where they saw the appellant stabbing Watkins with a sharpened silverware knife that had tape on the handle; that when they went into the shower area the appellant relinquished the knife to them; and that they did not know who first hollered but after they got in the shower area they heard Watkins saying, "Quit, quit."

The testimony of the appellant and other inmates showed that Watkins had a reputation for being a homosexual; that he had been after appellant to become his "wife"; that appellant had refused his advances; that heated words had been exchanged the evening before the incident in question; that Watkins told the appellant that on the following day, "shower day," appellant should come out "switching [fighting] or swinging"; that the

next day Watkins went to the showers; that appellant also went to the shower room, to wash a towel; that Watkins came out of the shower, went to his towel, got a knife and approached the appellant; that another inmate hollered to appellant to "look out"; that appellant threw his towel at Watkins; that they scuffled; that Watkins dropped the knife; and that appellant retrieved it and stabbed the deceased.

The trial court instructed the jury as to murder with malice aforethought, as to express and implied malice, as to voluntary manslaughter, and as to justifiable homicide.

Although there was evidence from which the jury might have found justification, the jury found the appellant guilty of murder. There was evidence to support the verdict of guilty, including evidence of malice. "To kill by using a deadly weapon in a manner likely to produce death, will raise a presumption of intention to kill. [Cits.]" *Chandle v. State,* 230 Ga. 574, 575 (198 SE2d 289). "If a homicide is proved, and the evidence adduced to establish it shows neither mitigation nor justification, malice will be presumed from proof of the homicide; but the presumption is rebuttable, and may be overcome by evidence of alleviation or justification. *Boyd v. State,* 136 Ga. 340 (71 SE 416)." *Miller v. State,* 184 Ga. 336, 338 (191 SE 115). The appellant's evidence as to justification in this case did not overcome, to the jury's satisfaction, the evidence that appellant went to the shower knowing the deceased was there, and that appellant disarmed the deceased and stabbed him six times.

2. Appellant's other enumeration of error is that the trial court erred in overruling appellant's motion for mistrial based upon the district attorney's closing argument to the jury.

In closing argument by the defense, stress was of course placed upon man's right to defend himself. Defense counsel argued that if the prison was not organized to provide protection from homosexuals, then a prisoner had the right to protect himself.

The district attorney opened his closing argument by saying that this was a case of murder in a state institution. Then he said: "I don't go along with the theory

that that State Prison is a different world inside. It's just filled with people that are living under different conditions. . . We have laws in our state where if a man goes out there and behaves himself, he doesn't get in trouble, in fact he's rewarded. The ones that do go out there and serve and fill their time are always given credit for good time and I'm sure that ninety percent of the inmates are building their good time day after day. It's the ones that are in the cell blocks that have individual cells because of some of their acts."

At this point defense counsel objected that the defendant's character was being injected (the evidence had shown the appellant to be housed in a cell) and moved for mistrial. The jury was excused, the court sustained the objection but overruled the motion for mistrial, the jury returned and the district attorney argued that although the appellant would have been safe in his cell, he nevertheless followed the deceased to the showers.

On appeal, appellant contends the motion for mistrial should have been granted and points out that the court did not instruct the jury to disregard the district attorney's remarks nor rebuke him in the presence of the jury.

Considering the remarks of the district attorney in context, we do not find them so prejudicial as to have required the grant of a mistrial nor special instructions to the jury or district attorney. The appellant's character was necessarily injected by the fact that he was a prison inmate. He had testified on direct examination that he occupied a cell. He had explained on cross examination that he was in segregation and was allowed out of his cell only to shower and go to the yard once a week. He had testified that " . . . you get sent to segregation because of what you did 'in population.' "

To the extent that appellant's character was placed in issue by the district attorney's argument, his character was already a matter of record in this case.

The trial court did not err in overruling the motion for mistrial. *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1975 — DECIDED JUNE 2, 1975.

*Carroll L. Cowart,* for appellant.
*John W. Underwood, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.