## 30296. HERRMANN v. THE STATE.

INGRAM, Justice.

This murder conviction of William Emory Herrmann, Jr., is on appeal after denial of a motion for new trial in the Superior Court of Treutlen County. Appellant was tried before a jury and received a sentence of life imprisonment at the direction of the trial court. Most of the enumerations of error relate either to the general grounds of the motion for new trial or to evidentiary rulings and instructions of the trial judge to the jury. We have examined each of the alleged errors and find no legal cause for reversal.

The bottom line question in the case was whether the jury believed the state's version of the homicide (murder) or the appellant's version that he was justified in shooting the deceased in self-defense. It is not necessary to recount all the evidence at trial. Appellant testified that he shot the deceased, James E. Brown, only after the victim shot at him three or four times. He also testified that he only wounded the deceased and that as he leaned forward over the deceased, who was by then lying on the ground, the deceased grabbed and held him while again attempting to shoot appellant. According to appellant's testimony, the deceased missed him and he took the deceased's pistol away from him and struck the deceased with it to get loose from the deceased's hold on him. Appellant also testified that the shot fatal to the deceased was actually fired from appellant's gun by a third party who was with them on the night or early morning of the homicide.

The third party, John Lee Mincey, was a principal witness for the state and he testified that he did not see the deceased with a pistol, although he believed the deceased had a pistol. This witness testified that as the three of them were riding home towards Adrian from Soperton in the deceased's automobile, the witness was seated in the back seat; that he heard appellant and the deceased, who were both sitting on the front seat, threaten to kill one another; and, that the deceased was driving and he stopped the car, whereupon the deceased and appellant both got out and again threatened one another. As the witness was getting out of the automobile he saw appel-

lant shoot the deceased twice at short range and then heard two or three more shots but was unsure who fired these shots. Five bullet wounds were found on the body of the deceased but there was no evidence that appellant had been shot. The body of the deceased was found approximately 10 feet from the automobile on the passenger side of the car. The state offered other evidence in support of its murder theory of the homicide.

It was for the jury to determine whether the intentional shooting of the deceased, which was admitted by appellant, resulted in murder by appellant or was justified under the conflict in the evidence. These theories and also the manslaughter grade of homicide suggested by the evidence were all fairly charged by the trial judge and considered by the jury. It resolved the issue by concluding that the intentional shooting of the deceased by appellant was the cause of the decedent's death and amounted to murder under the judge's instructions. We find no error of law. See *Kesler v. State,* 235 Ga. 251.

Enumerations of error directed to the admission into evidence of a blood sample and a bullet extracted from the body of the deceased are without merit. See *Patterson v. State,* 224 Ga. 197 (2) (160 SE2d 815) (1968); and *Coffee v. State,* 230 Ga. 123 (195 SE2d 897) (1973). Nor was it error to admit into evidence a .25 calibre pistol found on the person of appellant at the time of his arrest and two .38 calibre bullet hulls found at the location where appellant was arrested. See *Bixby v. State,* 234 Ga. 812.

The incriminating statements made by appellant after his arrest are the subject of two enumerations of error. The transcript shows that these statements were made after appellant had been properly warned of his constitutional rights. The fact that these statements, all of which were made within a time frame of several hours on the same day by appellant, were not interspersed with fresh warnings does not invalidate the statements since it clearly appears the appellant understood his rights. See *Moten v. State,* 231 Ga. 642 (203 SE2d 527) (1974), and *Gregg v. State,* 233 Ga. 117, 125 (210 SE2d 659) (1974).

In addition, we perceive no legal reason why the tape recording of the appellant's statement should not have been played to the jury. A proper foundation was laid and

authenticity established at the Jackson-Denno hearing held by the trial court. The appellant knew the statement was being recorded and he actually controlled the tape machine while his conversation was being recorded. The officer who interviewed appellant would have been permitted to testify to the content of the verbal statement voluntarily given him by appellant. Thus the statement, in appellant's own words, is admissible although the trial court properly did not allow the tape itself to be admitted into evidence and go out with the jury. See *Walker v. State,* 215 Ga. 128 (109 SE2d 748) (1959). Cf. United States v. McMillan, 508 F2d 101 (8th Cir. 1974), and Dickerson v. State, 325 A2d 367 (Del. 1974).

Other enumerations of error address several rulings of the trial court on motions for mistrial made by defense counsel during the course of the trial. No harmful error is shown from either of these rulings. See *Graham v. State,* 234 Ga. 520 (216 SE2d 817) (1975).

The trial court took appropriate corrective action where necessary and this was sufficient to avoid a mistrial. No abuse of discretion appears. See *Howard v. State,* 229 Ga. 839, 840 (195 SE2d 14) (1972).

The appellant submitted 10 requests to charge. These requests, all basically dealing with the law of justification and self-defense, were repetitious in nature and were properly declined by the trial court. The trial judge correctly covered the subject matter of these requests to charge and the other issues in the case. The charge as a whole was not prejudicial to defendant and it is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. See *Teal v. State,* 234 Ga. 159 (3) (214 SE2d 888) (1975).

From our review of the enumerations of error assigned on this appeal, we conclude that appellant received a fair trial on the issues in the case with able assistance from counsel. Having found no reversible error, we must affirm the judgment of the trial court. See *Graham v. State,* supra, Division 1.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 21, 1975.

*W. A. Wraggs,* for appellant.

*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.