## 62393. JONES v. THE STATE.

SHULMAN, Presiding Judge.

Tried for murder, appellant was convicted of voluntary manslaughter. On appeal, he raises two issues: the denial of his motion for a directed verdict and the trial court's refusal to give appellant's requested jury instructions on the state's burden to disprove appellant's justification defense.

1. Code Ann. § 27-1802 provides that a verdict of acquittal may be directed only when there is no conflict in the evidence and the evidence demands a verdict of acquittal. Here, there was some conflict in the evidence since the state's presentation indicated that the decedent was shot in the back outside his residence and the appellant testified that he shot the deceased as the deceased came at appellant inside appellant's residence. There was, therefore, no error in denying appellant's motion for a directed verdict.

2. Appellant has enumerated as error the refusal of the trial court to instruct the jury that the state had the burden of proving that the accused did not act in self-defense once that issue had been raised. Appellant raised the issue of self-defense by testifying that the deceased came into appellant's residence with a shotgun in his hand, threatening to kill appellant. At trial, appellant filed two written requests to charge on the state's burden of proof with respect to that defense. After jury instructions were given, appellant's counsel excepted to the trial court's failure to give the requested charge.

"Where a defendant raises an affirmative defense and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt. [Cit.]" *State v. Royal,* 247 Ga. 309 (275 SE2d 646). Since appellant's requested charge was a correct statement of

the law and was adjusted to the evidence, we are constrained to hold that the trial court's failure to give the charge was harmful error demanding reversal of the conviction. We remand the case to the trial court for a new trial.

*Judgment reversed and remanded. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 28, 1981.

*James Finkelstein,* for appellant.
*Charles Ferguson, District Attorney,* for appellee.