## 64780. JOLLY v. THE STATE.

BIRDSONG, Judge.

Ricky Jolly was convicted of three counts of aggravated assault, driving under the influence, and driving after having been declared an habitual offender. The conduct out of which these charges arose occurred while appellant Jolly was attending a birthday party held at the house of one of the victims. Two of the victims are brothers; the third was a friend. A discussion arose about money Jolly allegedly owed one of the brothers, but which Jolly contended was lent to and owed by a girl whose jewelry the brother held as security. Jolly was to asked to leave the party. Outside the victim's house, a melee occurred during which Jolly stabbed three of the participants; and one of the victims, when Jolly tried to drive away, fired several shotgun blasts into or toward appellant's car. Although the victims testified otherwise, the appellant asserted that he acted in self-defense, contending that one of the victims, who earlier had stated he had a pistol and would use it if there was any trouble, followed him out of the house and "said he was going to take my head off," and then the others (about five persons altogether) surrounded him and knocked him to the ground. Evidence showed that the victims were "all on top of" Jolly. Appellant Jolly testified that someone told him to "run like hell" and he was trying to leave in his car when the shotgun blasts were fired at him. The police arrived after the affray and arrested appellant.

On appeal, Jolly cites three errors. *Held:*

1. This conviction as to aggravated assault and driving under the influence must be reversed.

Appellant was indicted as a recidivist. When the trial judge began his charge to the jury, he recited verbatim the allegations of the indictment, concluding by reciting that as to the offense of "Driving Under the Influence, for that the said accused in the County of

Clayton and State of Georgia, on the 29th day of August, 1981, was in actual physical control of a moving motor vehicle while under the influence of alcohol, *and the said accused, James Ricky Jolly, prior to having committed the above conviction and been sentenced to confinement in labor in the penitentiary for the following felonies to wit: Case A-One. . . .*" (Emphasis supplied.) At this point the state's attorney interposed a cautionary remark and the trial judge said, "I'll ask the Jury to disregard that. I didn't know what I was reading." Defense counsel indicated he would move for mistrial. The trial judge continued: "I asked the Jury to disregard that last statement. All of this contrary to the law, the good order, peace and dignity thereof." At the end of his charge, the trial judge said, "Ladies and Gentlemen of the Jury, while I was reading the indictment, I inadvertently read starting here, 'and *the said accused, James Ricky Jolly, prior to having committed the above offenses had been convicted and sentenced of,' and I was about to read*— I'll ask you to disabuse your mind of that and it is not to be considered. It was put here and I didn't notice it, and I was reading it automatically, so I'll ask you to disabuse your mind of that." (Emphasis supplied.)

Appellant moved for mistrial based on the trial court's "inadvertent reading of a portion of . . . the indictment dealing with the accused's prior record," and the trial court's rereading of that inflammatory portion while instructing the jury to disregard it. The trial judge denied the motion, saying, "I just read the first line of it. I didn't get into any of the offense. Without going into the offense, they wouldn't know what I was talking about anyway."

The jury in this case was advised that the appellant had been convicted "and sentenced to confinement in labor in the penitentiary for . . . felonies." The trial court's disclosure of appellant's prior convictions for felonies "without waiver" is reversible error. *Black v. Caldwell,* 231 Ga. 589, 592 (203 SE2d 208). Appellant had the right to be tried only for the particular offenses charged, without being prejudiced by having his character and prior criminal record injected into the case. "The jury, in determining his guilt or innocence with respect to the particular offense charged, should be blind to the character, station in life, and prior conduct of the accused unless the accused himself voluntarily inserts those issues into his trial. But such blindness cannot possibly be achieved when the jury knows of the criminal record of the accused being tried. Therefore, our system of criminal justice actually dictates that in a recidivist proceeding prior convictions should be used only for the purpose of determining the punishment or sentence to be imposed and prior convictions have no place whatsoever in determining the guilt or innocence of the accused with respect to the particular offense that he is alleged to

have committed." *Black,* pp. 591-592.

The injection of appellant's prior record for conviction of felonies was reversible and harmful error. Under the conflicting evidence in the case, it cannot be said that it is highly probable the error did not contribute to the verdict of guilty as to the driving under the influence and aggravated assault charges. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). The prejudice caused by the error could not be erased by the trial court's instructions to disregard it, which by repetition only compounded the prejudice and were, in any case, insufficient.

As to the "driving after having been declared an habitual violator" charge, the evidence is undisputed and overwhelming that appellant did drive after having been declared an habitual violator; and hence it is highly probable the trial court's reference to his prior convictions for felonies did not contribute to the verdict of guilty on that charge. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515).

2. Appellant further contends the trial court erred in refusing to give appellant's requested charge that the burden of persuasion is on the state to prove beyond a reasonable doubt that the accused did not act in self defense. The trial court did charge that the defendant is presumed innocent and the state has the burden to prove every material allegation of the indictment. This charge was stated only once however, and only in the context of the allegations of the state. Generally, a charge is construed in the context of its entirety, and not judged incomplete if the complained of portion is supplied somewhere in the charge. *Geter v. State,* 219 Ga. 125, 134 (132 SE2d 30). But we think that where a defense is made which, to be successful, requires certain affirmative elements to be found present by the jury, particularly the detailed self defense requirements (Code Ann. § 26-902), the better practice is to specifically advise the jury that the burden of proof with regard to the offense is on the state and is not on the defendant to prove the defense. See *Brooks v. State,* 143 Ga. App. 523, 524 (239 SE2d 207). Since we reverse certain of these convictions on other grounds, we do not reach the question whether failure to so charge was reversible error in this case, but, we see no reason why the trial court should have refused to give the requested charge, and no reason why it should not be given at the retrial.

3. We do not consider appellant's allegations as to improper comments made by the state in closing argument, since the aggravated assault and driving under the influence convictions are reversed, and it is highly probable such comments, even if error and properly objected to, did not contribute to the habitual violator conviction.

*Judgment affirmed in part and reversed in part. McMurray,*

*P. J., and Banke, J., concur.*

DECIDED NOVEMBER 2, 1982.

*J. Dunham McAllister,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Mary Jane Stewart, Assistant District Attorneys,* for appellee.