## 40984. THE STATE v. SHEPPERD.
(320 SE2d 154)

GREGORY, Justice.

Timothy Lee Shepperd was indicted for murder and convicted of the lesser offense of involuntary manslaughter. The Court of Appeals reversed his conviction holding the trial court erred in failing to give Shepperd's requested charge that where evidence of self-defense is presented the State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. *State v. Royal,* 247 Ga. 309 (275 SE2d 646) (1981); *Jones v. State,* 160 Ga. App. 209(2) (286 SE2d 764) (1981); *Jolly v. State,* 164 Ga. App. 240(2) (296 SE2d 784) (1982). For the reasons given in the Court of Appeals' opinion, we agree.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED SEPTEMBER 13, 1984.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellant.

*Victoria D. Little,* for appellee.

WELTNER, Justice, dissenting.

In *State v. Royal,* 247 Ga. 309 (275 SE2d 646) (1981), we held: "Where a defendant raises an affirmative defense and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt."

That is without question a correct statement of the law of Geor-

gia, inasmuch as it is always the burden of the state to prove the guilt of the accused beyond a reasonable doubt — that being but the converse of the requirement of disproving any defense which might be raised.

That is not to say, however, that this principle (or any other principle of law) must in every case be given in charge under pain of reversal. "[I]t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court." *Herrmann v. State*, 235 Ga. 400, 402 (220 SE2d 2) (1975).

In this case, the jury was instructed as follows:

"The defendant enters upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him until and unless the facts satisfy your mind beyond a reasonable doubt as to his guilt. . . . [T]he law requires the State to prove the Defendant's guilt to your satisfaction beyond a reasonable doubt. . . . A person shall not be found guilty of a crime . . . induced by a misapprehension of fact, which, if true, would have justified the act . . . . [A] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against such other's imminent use of unlawful force. . . . [T]he burden rests upon the State to prove all of the material allegations of the indictment."

It will be seen, therefore, that the jury was charged adequately on the burden of the state to prove guilt. For an analogous situation, see our cases concerning alleged "Sandstrom violations" and adequacy of the charge as a whole, e.g., *Johnson v. State*, 249 Ga. 621 (292 SE2d 696) (1982) and *Hosch v. State*, 246 Ga. 417 (271 SE2d 817) (1980), and cases cited therein. See also *State v. McNeill*, 234 Ga. 696, 697 (217 SE2d 281) (1975), wherein we held relative to the affirmative defense of entrapment as follows: "The jury was fully apprised of the state's burden of proof in this case and it was not error to fail to specifically charge the jury that the state had the burden of proving that the defendant was not entrapped.

I am authorized to state that Presiding Justice Marshall joins in this dissent.