## 76280. DUBOSE v. THE STATE.
### (369 SE2d 924)

POPE, Judge.

Defendant was indicted for murder for the shooting death of Alfred "Crum Daddy" Crumley. He was convicted of the lesser included offense of voluntary manslaughter. At trial defendant attempted to present evidence to show the shooting was justifiable in self-defense.

1. The trial court gave lengthy instructions on the defense of self-defense, including the instruction that the burden of proof is not on the defendant to prove self-defense. However, the court refused to give the requested instruction that once self-defense is introduced the prosecution has the burden of proving beyond a reasonable doubt the absence of self-defense by the defendant. The charge as given did address the allocation of burden of proof to the extent it made clear the defendant had no burden of proof on the issue and therefore the instruction was not incorrect. *Walden v. State*, 251 Ga. 505 (3) (307 SE2d 474) (1983). If the defendant had not specifically requested the instruction regarding the state's burden to disprove self-defense, the charge as given would have been sufficient. *Boyd v. State*, 253 Ga. 515 (7) (322 SE2d 256) (1984). However, "the trial court erred in failing to give [the] requested charge that where evidence of self-defense is presented the State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense." *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984).

2. At the trial of the case defendant was not permitted to present testimony concerning the bad character and reputation of the victim, the victim's propensity for violence and carrying a weapon, nor to present evidence of specific prior incidents in which the victim had beaten defendant, cut him with a knife and threatened him with a gun. The judge ruled such evidence was inadmissible because he had not set forth a prima facie case that the defendant acted, at the time of the shooting, in self-defense. Defendant argues the court erred in excluding the testimony he sought to present.

The defendant may present evidence of the victim's general reputation or character for violence " 'only when there has been a prima facie showing (by the defendant) that three elements are present: that the deceased was the assailant; that the deceased assailed defendant; and that defendant was honestly seeking to defend himself.' *Curtis v. State*, 241 Ga. 125, 126 (1) (243 SE2d 859) (1978)." *Milton v. State*, 245 Ga. 20, 22 (262 SE2d 789) (1980). The critical issue in the case now before us is whether the excluded testimony concerning prior

specific assaults by the victim upon defendant were admissible for the purpose of establishing a prima facie case of present assault. See id.

The only evidence concerning the shooting was the testimony of a witness who, on the night of the shooting, saw defendant "laying" up against a truck parked beside an apartment building near the victim's house. The witness saw the victim step out the side door of his house and walk across a field toward defendant. As the victim approached defendant he fumbled in his back pants pocket with his right hand as if he were drawing a weapon. The witness then heard defendant say, "Man, why don't you leave me alone." The witness heard shots fired and then saw both men running in opposite directions. The trial court would not permit defendant to present testimony by deposition of another witness who, two to three weeks before the shooting, witnessed a fight in which the victim had defendant backed up against a parked truck and was swinging at him with a knife. Although it would have been inadmissible as hearsay, the deposition witness also testified he had heard of other incidents in the two weeks prior to the shooting in which the victim allegedly beat or threatened defendant. Defendant's attorney stated on the record that he was prepared to call eyewitnesses to these other fights but the court ruled such testimony inadmissible for failure to make a prima facie case of assault by the victim. However, in this case the excluded facts would, themselves, have established the prima facie case and should have been admitted for that purpose.

At the time he ruled to exclude the testimony in question, the trial judge indicated he might allow the evidence if he heard evidence from the defendant establishing a prima facie case. However, defendant exercised his right to remain silent and did not testify at trial. Is the defendant required to testify in order to make a prima facie case? We think not. "[F]acts from which apprehension might reasonably be inferred . . . are relevant when stated or shown by third parties." (Punctuation and cit. omitted.) *Baker v. State*, 142 Ga. 619, 622 (83 SE 531) (1914). Each element of the prima facie case may be established by the testimony of other witnesses or by circumstantial evidence.

The mere fact that the victim reached toward his pocket would not establish the victim was the assailant. In *Cooper v. State*, 249 Ga. 58 (287 SE2d 212) (1982), where the only evidence concerning the shooting showed the victim verbally threatened to kill the defendant before touching the outside of his pants pocket, the Supreme Court ruled, "We cannot say this evidence, *standing alone*, is sufficient to establish prima facie that the victim was the aggressor or that the defendant was honestly seeking to defend himself." (Emphasis supplied.) Id. at 61. Thus, in the case now before us, the mere fact that the victim reached toward his pocket would not establish the prima

facie case necessary before character evidence could be admitted. However, the victim's gesture toward his pants pocket did not "stand alone" as the only evidence in this case. In this case, defendant proffered evidence of an almost identical earlier incident in which the victim assaulted the defendant with a knife. Defendant claims to have been prepared to offer evidence of other similar incidents. Evidence of specific similar assaults by the victim against the defendant can, itself, establish the threshold elements of a prima facie case by illustrating the basis for defendant's contention he reasonably believed the victim was about to use a weapon on him and that it was necessary for him to harm the victim before the victim harmed him. *Milton v. State*, supra. In *Milton*, the only evidence that the victim assailed the defendant was defendant's proffered testimony that the victim threatened to kill him, told him she had a gun in her purse and started reaching for her purse before defendant shot her. If this had been the only evidence, as in *Cooper v. State*, supra, a prima facie case of present assault would not have been shown. However, in *Milton* the reasonableness of defendant's belief that it was necessary to act in self-defense was further supported by testimony the victim had shot him and cut him with a knife on earlier occasions. The same sort of evidence was sought to be presented by defendant in the case now before us.

Even after a prima facie showing of self-defense, evidence of other specific acts of violence by the victim would not be admissible for the purpose of corroborating the testimony that the victim was violent on the occasion in question. Only general reputation for violence or a specific type of violence (such as stabbing or shooting) can be presented to corroborate the likelihood the victim was violent on the occasion in question. *Henderson v. State*, 234 Ga. 827 (218 SE2d 612) (1975). The only purpose for admitting evidence of specific prior acts of violence by the victim against the defendant would be to establish the "*reasonableness of defendant's apprehension of danger* at the time of the homicide." (Punctuation and cit. omitted.) *Milton v. State*, supra at 24. The law of Georgia decidedly favors the admission of evidence of previous incidents or threats by the victim against the defendant which supports defendant's contention he reasonably feared it was necessary to kill in order to save his own life. *Smith v. State*, 128 Ga. App. 777 (197 SE2d 866) (1973). The reasonableness of defendant's apprehension of danger is one of the threshold elements for establishing a prima facie case of self-defense. It follows that evidence of other threats or assaults by the victim against the defendant should have been admitted in this case for the purpose of establishing the prima facie case of self-defense. "This evidence was crucial to his defense, and its exclusion of necessity damaged, if not totally deprived him of, the benefit of his sole defense." *Milton v. State*, supra

at 25-26.

3. Once a prima facie case of self-defense has been made, defendant may present evidence of the victim's character and reputation for violence. Testimony of a witness concerning another's character and reputation cannot be based entirely on the witness' personal opinion. *Gravitt v. State*, 220 Ga. 781 (141 SE2d 893) (1965). However, references to the impeaching witness' "personal knowledge" or "association" with the individual whose character is at issue "serve[s] only to develop a foundation upon which to base the witness' statement as to reputation." *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 437 (274 SE2d 786) (1980).

In deposition testimony which defendant attempted to present at trial, the witness was asked several questions concerning the victim's character and general reputation. Each question posed asked the witness to respond based upon his personal knowledge of the victim and what he had heard others in the community say about the victim. For example, the witness was asked:

"Q.: [D]uring both the 20 years that you have known Crum Daddy, and the two years that you have known and seen him . . . have you heard other people that live in that area that know Crum Daddy, talk about him?

A.: Yes.

Q.: And based upon your personally knowing Crum Daddy, and having heard other people in that community talk about him, are you familiar with his general character and reputation?

A.: Yes.

Q.: And is that character and reputation a good one or a bad one?

A.: I think it is bad."

The questions posed in the deposition were proper questions. They did not request the witness' personal opinion of the victim but his knowledge of the victim's general reputation. Thus, the witness' testimony concerning the victim's general reputation was erroneously excluded.

4. Defendant objects to that portion of the jury charge in which the judge instructed, "[W]henever a homicide is neither justifiable or malicious, it is manslaughter and, if intentional, it is voluntary manslaughter." Said portion of the jury charge is an accurate reflection of the law, is a direct quote from *Washington v. State*, 249 Ga. 728, 730 (292 SE2d 836) (1982), and is therefore not in error.

5. Defendant also objects to the instructions given in explanation or supplementation to the standard charge concerning the defendant's right to remain silent and not to testify. The additional comments instructing the jury they should not be prejudiced by the defendant's choice not to testify were, if anything, favorable to the defendant and certainly not harmful. We find no merit in this enu-

meration of error.

6. Given the account of the incident by the eyewitness, we find sufficient evidence was adduced at trial from which the jury could find defendant guilty beyond a reasonable doubt of voluntary manslaughter. However, for reasons set forth in Division 2 of this opinion, on retrial defendant may present additional evidence in support of his defense of self-defense.

7. The purpose of a preliminary probable cause hearing is to dismiss at the earliest possible date those charges for which no probable cause is shown. See Rule 26.2 (A) (7) of the Uniform Superior Court Rules. Once there has been an indictment on a charge, probable cause has, by definition, been shown. Failure to hold a preliminary probable cause hearing pursuant to Rule 26.2 provides no ground for appellate review once there has been an indictment and conviction. *McClendon v. State*, 256 Ga. 480 (1) (350 SE2d 235) (1986); *State v. Middlebrooks*, 236 Ga. 52 (2) (222 SE2d 343) (1976).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 31, 1988.

*John A. Pickens*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Assistant District Attorneys*, for appellee.