S00A2069. STINSON v. THE STATE.
(544 SE2d 118)

CARLEY, Justice.
A jury found Johnny Stinson guilty of the felony murder of Rose-

mary Reynolds while committing an aggravated assault against her, and the trial court imposed a sentence of life imprisonment. The trial court subsequently denied Stinson's motion for new trial, and he appeals from the judgment of conviction and sentence entered on the jury's guilty verdict.[1]

1. Stinson and the victim lived together. After an argument between the two, a shot was fired and the police were called to their apartment. The officers discovered the body of Ms. Reynolds lying on the bedroom floor. She died as the result of a gunshot wound to the head. Stinson originally claimed that the victim accidentally shot herself, stating that he struggled with her without realizing that she had a gun in her possession. He later acknowledged that the two were "wrestling with the gun when it went off" at an arm's length away. Thereafter, he admitted that he was holding the weapon when it fired, informing the officers that he and Ms. Reynolds "were fighting over the gun and she spun away. [He] had the gun and was behind her for a second. That is when the gun went off." The weapon was not found on the premises, and Stinson eventually showed the officers where he had thrown it into the nearby woods. The medical testimony indicated that, contrary to any of Stinson's versions of the events, the bullet killing the victim was fired at close range from above into the back of her head. From this evidence, a rational trier of fact was authorized to find proof beyond a reasonable doubt that Stinson was guilty of the felony murder of Ms. Reynolds while committing an aggravated assault against her. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mitchell v. State*, 271 Ga. 242, 243 (1) (516 SE2d 782) (1999).

2. In connection with the instruction on accident, the trial court failed to charge that the burden was on the State to disprove that defense beyond a reasonable doubt. Stinson urges that the absence of this principle from the charge constitutes harmful error.

The failure to give a defendant's requested charge on the State's burden of disproving an affirmative defense is reversible error, if the instruction is a correct statement of the law and is adjusted to the evidence. *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999). The State does not contend that the evidence did not authorize a charge on accident in this case. Instead, it argues that Stinson failed to make a specific request that the trial court instruct the jury on the

---

[1] The homicide occurred on April 14, 1999. On July 6, 1999, the grand jury indicted Stinson. The jury returned the guilty verdict on November 3, 1999, and the trial court entered the judgment of conviction and life sentence on that same day. On January 12, 2000, the trial court granted Stinson's motion for an out-of-time appeal, and he immediately filed a motion for new trial. The trial court denied the motion for new trial on August 10, 2000. On August 14, 2000, Stinson filed a notice of appeal. The case was docketed in this Court on September 5, 2000. Stinson submitted his appeal for decision on October 30, 2000.

prosecution's burden of disproving accident. *Stansell v. State*, 270 Ga. 147, 148 (2) (510 SE2d 292) (1998).

Although the defense did request a charge on accident, it does not appear of record. However, the charge conference conducted pursuant to OCGA § 5-5-24 (b) was transcribed. That statutory provision establishes a mandatory rule, designed to give counsel the opportunity to make an intelligent argument to the jury. *King v. State*, 201 Ga. App. 391, 392 (6) (411 SE2d 278) (1991). The transcript shows that the trial court informed Stinson's counsel that it intended to give the "pattern" instruction on accident. As approved by the Council of Superior Court Judges, the pattern accident charge includes the principle that "the burden is on the [S]tate to negate or disprove [the defense] beyond a reasonable doubt." Thus, the statement made to defense counsel in the charge conference was, in effect, a recognition that, regardless of the language of the requested charge, the trial court intended to give full and complete instructions on accident, including informing the jury of the prosecution's evidentiary burden as to that defense. In reliance upon the trial court's assurance in that regard, Stinson's attorney argued to the jury that "the Judge is going to tell you . . . the burden of proof is on the State, it's on the Assistant DA in this case, . . . and I don't have to prove *anything*. . . ." (Emphasis supplied.) Thereafter, the trial court did charge generally on the prosecution's burden of proving Stinson's guilt beyond a reasonable doubt. Contrary to its previous express acknowledgment to defense counsel, however, the trial court did not specifically instruct the jury that the State had the burden of disproving beyond a reasonable doubt defendant's claim that the homicide was an accident. In the absence of such a charge, the jury may have concluded that Stinson's attorney was wrong and that he, rather than the State, did have the burden of proof on the issue of accident. At the conclusion of the charge, defense counsel preserved the issue for appellate review by excepting to the failure to give the requested instructions, which, in our view, necessarily includes the pattern charge on accident that the trial court at the charge conference had agreed to give. Under these circumstances, the matter is controlled by *Bishop*, supra at 291 (2), and the judgment must be reversed.

3. Stinson's remaining enumeration of error relates to his claim of ineffective representation by trial counsel. As that is not an issue which is likely to recur at the retrial, it is moot and need not be addressed.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.