## S02A1569. ARTHUR v. THE STATE.
(573 SE2d 44)

CARLEY, Justice.

Appellant Daniel Arthur was convicted of the malice murder of Herman Allen and of aggravated assault against Korey Pierce. The trial court entered judgments of conviction on the verdicts, and sentenced Appellant to life imprisonment for murder and to a consecutive 20-year term for aggravated assault. Thereafter, the trial court denied a motion for new trial, and Appellant appeals.[1]

1. Construing the evidence most strongly in support of the jury's verdicts shows the following: Although Appellant and the victims were friends, a ten-dollar bet led to friction between Appellant and Allen. When Appellant demanded payment, Allen refused and claimed that he was cheated. On several occasions, they exchanged angry words. The animosity escalated and eventually led to an apparent challenge to a fistfight. The two went behind one of the apartment buildings in the complex where they lived. When Pierce heard shots coming from that direction, he ran to the scene. He saw Appellant firing at Allen who was already on the ground. Appellant turned the weapon on Pierce, and then struck him in the head with

---

[5] See *Mallory v. State,* 271 Ga. 150 (2) (517 SE2d 780) (1999).

[1] The crimes were committed on April 24, 2001. The grand jury indicted Arthur on July 20, 2001. The jury returned the guilty verdicts on October 5, 2001. On October 12, 2001, the trial court entered the judgments of conviction and imposed the sentences. On October 22, 2001, Appellant filed a notice of appeal. The case was docketed in this Court on July 1, 2002. The appeal was orally argued on October 21, 2002.

it. Appellant ordered him to kneel, but Pierce began to struggle. The gun discharged, and Pierce fled. Pierce suffered a gunshot wound to the neck. Although Pierce escaped, Allen died. According to the medical and ballistics evidence, one shot to the spine paralyzed Allen and the shot that killed him was fired into his head from only inches away.

The evidence is sufficient to authorize a rational trier of fact to find proof of Arthur's guilt of murder and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. With regard to the aggravated assault count, the indictment alleged that Appellant assaulted Pierce "with a handgun, a deadly weapon." The defense filed a special demurrer, challenging the sufficiency of that count and citing the lack of specific allegations as to whether Arthur committed the crime by "shooting at [the victim], pointing the gun at him, beating him with the gun, or any other manner in which a handgun could be used to assault a person." Arthur enumerates as error the overruling of the demurrer.

There are three distinct methods of committing an aggravated assault, one of which is by assaulting with a deadly weapon. OCGA § 16-5-21 (a) (2). When the deadly weapon is a handgun, the assault generally can be perpetrated in only a limited number of ways. Compare *Johnson v. State*, 90 Ga. 441, 445 (16 SE 92) (1892) (distinguishing between an assault committed by poisoning and one committed by a gun). As demonstrated by the assertions of Appellant's demurrer, he was aware of the possibilities open to the prosecution in attempting to prove that he used the gun to commit aggravated assault. In fact, in his pre-trial statement, he admitted pointing the weapon at Pierce, striking him with it, and holding it when it fired at him. Thus, by alleging Appellant's general use of a gun, the State apprised him that he would have to defend against all of the possible ways of committing the assault that he himself had admitted in his statement. "If alleged to have been done with a [gun or pistol], the inference primarily would be . . . that the weapon named was used either as a firearm or as a bludgeon." *Johnson v. State*, supra at 445.

The true test of the sufficiency of an indictment is not whether it could be made more certain and definite, but whether it contains the elements of the offense charged, apprises the accused of what he must be prepared to defend against, and protects against double jeopardy. *Snider v. State*, 238 Ga. App. 55, 58 (2) (516 SE2d 569) (1999). The language of the indictment tracks that of OCGA § 16-5-21 (a) (2) and "is not too vague to inform [Appellant] of the charges against him. [Cit.]" *Wallace v. State*, 216 Ga. App. 718, 719 (1) (455 SE2d 615) (1995). Therefore, the trial court correctly overruled the demurrer. *Griffin v. State*, 241 Ga. App. 783, 786 (6) (527 SE2d 577)

(2000).

3. The State filed a motion in limine, seeking to exclude evidence of Allen's reputation for violence. The trial court granted the motion, and Appellant enumerates this evidentiary ruling as error.

The evidence would be admissible only if the defense made a prima facie showing that Allen was the aggressor, and that Arthur was honestly defending himself when he fired the weapon. *Henderson v. State*, 234 Ga. 827, 828 (1) (218 SE2d 612) (1975). Appellant's version of the events differed significantly from that presented by the prosecution's witnesses. According to him, the victim came to the door of his apartment and struck him in the face as he stood there. This would make Allen the aggressor and Arthur the victim of an assault.

However, Appellant further stated that, when he drew his gun, the victim fled. He acknowledged that he became enraged and gave chase. He admitted that he shot at Allen who was not armed and that he continued to do so even after the victim had been wounded and was falling down. This does not show that, at the time he killed the victim, Appellant was reasonably trying to defend himself. Instead, his statement shows that he fired the gun as an act of revenge for the previous assault he attributed to the victim. Since Appellant failed to make the prima facie showing of self-defense, the trial court correctly granted the State's motion in limine. See *Dill v. State*, 254 Ga. 17, 18 (2) (325 SE2d 765) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

*Jackie G. Patterson, Kevin A. Adamson,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General,* for appellee.