## S05A0389. STINSON v. THE STATE.
### (611 SE2d 52)

BENHAM, Justice.

Appellant Johnny Stinson appeals from the judgment of conviction entered after a jury found him guilty of the felony murder of his girlfriend, Rosemary Reynolds.[1]

1. The State presented evidence which established the victim was killed by a single gunshot wound to the back of her head. Due to the gunpowder stippling surrounding the entrance wound, a forensic pathologist estimated the gun was fired from a distance of three-six

---

[1] The victim was killed on April 19, 1999, and appellant was arrested the same day. During the June 1999 term of court, a grand jury in Muscogee County returned a true bill of indictment charging appellant with malice murder, felony murder with aggravated assault as the predicate offense, and possession of a firearm during the commission of a crime. Appellant was tried on that indictment in November 1999 and the jury returned a guilty verdict on the felony murder charge. The felony murder conviction was reversed on appeal to this Court in March 2001 due to an incomplete charge on the defense of accident. *Stinson v. State*, 273 Ga. 519 (544 SE2d 118) (2001). Upon return of the remittitur, appellant was re-tried on the felony murder count of the 1999 indictment October 29-30, 2001. After the jury found appellant guilty, he was sentenced to life imprisonment, with the sentence filed in open court October 30. On January 7, 2002, appellant filed an untimely pro se motion for new trial, which the trial court denied the same day. On January 11, 2002, the trial court appointed appellate counsel, appellate counsel filed a motion for out-of-time appeal, the trial court granted the motion, and appellate counsel filed a motion for new trial, which was amended on December 4, 2003. The trial court denied the amended motion for new trial on January 12, 2004. A notice of appeal was timely filed on January 21, 2004, and the case was docketed in this Court on October 28, 2004. It was submitted for decision on the briefs.

inches from the victim's scalp. After seeing the path the bullet took upon entering the victim's head, the forensic pathologist determined the bullet was fired into the five-foot, nine-inch victim in an "acutely downward" direction. Appellant, who is five-feet, five inches tall, told the first police officer who came to the scene that the victim had shot herself; he told other investigating officers he and the victim had had a verbal altercation which had been followed by a fight for possession of a pistol, and the victim had been shot during the struggle. Appellant later amended his statement to say he had gained possession of the gun during the struggle and it had gone off accidentally as the victim spun away from him. The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of felony murder while committing an aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Stinson v. State*, 273 Ga. 519 (1) (544 SE2d 118) (2001).

2. In his sole enumeration of error, appellant alleges the felony murder indictment upon which he was tried did not satisfy the requirements of due process since it did not allege the essential elements of the predicate offense. Because of this purported deficiency, appellant contends his felony murder conviction must be reversed.

> [D]ue process of law requires that an indictment "put the defendant on notice of the crimes with which he is charged and against which he must defend." [Cit.] An indictment apprises a defendant that he may be convicted of the crime named in the indictment, of a crime included as a matter of law in the crime named, and of a crime established by the facts alleged in the indictment regarding how the crime named was committed. [Cit.]

*Borders v. State*, 270 Ga. 804, 806 (1) (514 SE2d 14) (1999). In order to satisfy due process when an indictment charges a compound felony such as felony murder, the count charging the compound offense must contain the essential elements of the predicate offense, or the indictment must contain a separate count charging the predicate offense completely (see *Mikenney v. State*, 277 Ga. 64 (1) (586 SE2d 328) (2003)), or the indictment must elsewhere allege facts showing how the compound offense was committed. See *Scott v. State*, 276 Ga. 195 (2) (576 SE2d 860) (2003); *Borders v. State*, supra, 270 Ga. 804 (1) (malice murder count set forth sufficient facts concerning the killing of the victim to put defendant on notice he was accused of compound offense of felony murder with aggravated assault as the predicate offense).

The indictment returned against appellant in 1999 charged him with malice murder, felony murder during the commission of aggravated assault, and possession of a firearm during the commission of a crime. The felony murder count did not contain the essential elements of the predicate offense of aggravated assault and the indictment did not contain a separate count charging appellant with aggravated assault; however, the count charging appellant with malice murder set forth sufficient facts to put appellant on notice he was accused of the compound offense of felony murder with aggravated assault as the predicate offense.[2] *Borders v. State*, supra. Thus, the 1999 indictment satisfied due process.

Appellant points out he was not re-tried in 2001 on the entire 1999 indictment, but on a redacted version of that indictment which showed only the felony murder count since the 1999 jury that found him guilty of felony murder did not return verdicts on the malice murder and aggravated assault counts. Appellant contends the Court's review should be limited to the redacted indictment containing only the felony murder count. The State maintains appellant's challenge to the indictment on which he was tried is a special demurrer which has been waived because he first raised it on motion for new trial and did not assert the challenge before arraignment. See *Smith v. State*, 277 Ga. 213 (2) (a) (586 SE2d 639) (2003) (defendant waives his right to be tried on a perfect indictment when he fails to file a special demurrer before pleading not guilty to the indictment).

Assuming without deciding that our review of appellant's allegation that he was denied due process is limited to the one-count redacted indictment, we conclude that the one-count indictment did not deprive appellant of due process. If an accused can admit to the allegations of a crime and still be not guilty of a crime, the indictment is insufficient and the conviction void. *Smith v. Hardrick*, 266 Ga. 54 (1) (464 SE2d 198) (1995). The one-count indictment charged appellant with felony murder — having caused the death of the victim while committing the felony of aggravated assault. See OCGA § 16-5-1 (c). Aggravated assault is a felony. OCGA § 16-5-21. The indictment is sufficient to withstand a general demurrer because appellant cannot admit he caused the death of the victim while in the commission of aggravated assault and not be guilty of the crime. *Lowe v. State*, 276 Ga. 538 (2) (579 SE2d 728) (2003) (felony murder count alleging defendant caused victim's death while committing an aggravated battery sufficient to withstand a general demurrer).

---

[2] The felony murder count charged appellant with having caused the death of the victim "while in the commission of a felony, to wit: aggravated assault. . . ." The malice murder count charged appellant with having caused the victim's death "by shooting her with a pistol" with malice aforethought.

Appellant's contention that the felony murder indictment was deficient because it did not contain all the essential elements of the underlying crime of aggravated assault is, in essence, a special demurrer[3] seeking greater specificity with regard to the predicate felony. We agree with the State that appellant's failure to file his special demurrer seeking additional information before pleading not guilty to the indictment constitutes a waiver of his right to be tried on a perfect indictment. *Totten v. State*, 276 Ga. 199 (3) (577 SE2d 272) (2003); *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977) (a special demurrer must be "raised before pleading to the merits of the indictment . . . [and] if no special demurrer is made, the ground is waived") (emphasis omitted). Consequently, we conclude appellant was not denied due process of law when he was tried on the one-count indictment charging him with felony murder and alleging aggravated assault as the predicate felony.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Dan Trimble, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[3] "A demurrer to an indictment may be general or special. A general demurrer challenges the very validity of the indictment and may be raised anytime; the special objects merely to its form or seeks more information and must be raised before pleading to the indictment." *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977).