## S09A0765. ARTHUR v. WALKER.

(679 SE2d 13)

MELTON, Justice.

On October 5, 2001, Daniel A. Arthur, Jr., was convicted by a jury of malice murder and aggravated assault, and his conviction was affirmed by this Court in *Arthur v. State*, 275 Ga. 790 (573 SE2d 44) (2002). Arthur filed a habeas corpus petition on January 19, 2006. In this petition, Arthur alleged that he had received ineffective assistance of appellate counsel. Specifically, Arthur contended that his appellate counsel should have argued on appeal that the trial court erred by failing to correctly charge the jury that the State had to disprove his affirmative defense of justification beyond a reasonable doubt.[1] The habeas court denied relief on October 6, 2008, and this Court granted Arthur's application for a certificate of probable cause to consider the propriety of the habeas court's ruling.

The record shows that, at his trial, Arthur set forth the affirmative defenses of justification and accident. Arthur's counsel requested that the jury be charged that the State had the burden of disproving these affirmative defenses beyond a reasonable doubt. The trial court agreed to this request. When charging the jury, however, the trial court apparently committed a slip of the tongue with regard to justification, charging: "The State has the burden of proving beyond that the defendant was not justified." The trial court omitted the words "a reasonable doubt." When charging the jury regarding the affirmative defense of accident moments later, the trial court correctly charged: "When the issue of accident is raised, the burden is on the State to negate or disprove it beyond a reasonable doubt." In addition to these charges, the trial court generally charged the jury that: (1) "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt"; (2) "[t]he burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt"; and (3) "[t]here is no burden of proof on the defendant whatsoever and the burden never shifts to the defendant to prove innocence." After completing its oral charge, the trial court sent a written set of charges to the jury which would have included the full charge for both justification and accident.[2] Also, in his closing to the jury,

---

[1] Arthur's trial counsel also acted as his appellate counsel, so his ineffective assistance claims were not barred. See generally *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008) (defendant required to raise any issue of ineffective assistance of trial counsel at earliest practicable moment to avoid it being deemed waived).

[2] The transcript indicates that the trial court had approved full and correct charges on both affirmative defenses.

Arthur's attorney was allowed to emphasize to the jury that the State had to disprove his affirmative defenses beyond a reasonable doubt.[3]

> The proper standard for evaluating the effectiveness of appellate counsel is set forth in *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002). See also *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998). Applying that standard, the ineffectiveness of trial counsel would be procedurally defaulted for purposes of habeas corpus relief unless [Arthur] can meet his burden of showing that appellate counsel's decision to forego that issue was an unreasonable tactical move which no competent attorney in the same situation would have made. See *Shorter v. Waters*, [supra] at 585; *Battles v. Chapman*, supra at 705 (1) (a).

*State v. Smith*, 276 Ga. 14, 16 (573 SE2d 64) (2002).

Based on the record of this case, the habeas court did not err in its conclusion that Arthur's appellate counsel did not render ineffective assistance. In *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999), we held:

> When a defendant raises an affirmative defense and offers evidence in support thereof, the State has the burden of disproving that defense beyond a reasonable doubt. *State v. Royal*, 247 Ga. 309 (275 SE2d 646) (1981). It is reversible error for the trial court to decline to give a requested charge on the burden of proof, where, as here, the charge is a correct statement of the law and is adjusted to the evidence. *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997); *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984).

Likewise, in *Stinson v. State*, 273 Ga. 519, 520 (2) (544 SE2d 118) (2001), we stated: "The failure to give a defendant's requested charge on the State's burden of disproving an affirmative defense is reversible error, if the instruction is a correct statement of the law and is adjusted to the evidence."

In this case, however, the failure to give the charge as requested was not the result of the trial court's refusal. To the contrary, the trial court agreed to give the requested charge, but made a slip of the tongue in doing so. The general rule is that "[a] mere verbal inaccuracy in a charge, which results from a palpable 'slip of the

---

[3] Arthur's counsel stated that "once [Arthur] raises the issue of self-defense, the burden of proof is on the State beyond a reasonable doubt to prove that he didn't act in self-defense."

tongue,' and clearly could not have misled or confused the jury" is not reversible error. *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512) (1949). Here, an examination of the entire charge reveals that the trial court thoroughly charged the jury on the State's burden of proof, the defendant's presumption of innocence, and the fact that the burden of proof never shifts to the defendant. In addition, the trial court sent out a written copy of the jury instructions to the jury, which would have included a full and correct version of the charge on justification unfettered by the trial court's inadvertent slip of the tongue. Finally, in his closing, Arthur's trial counsel clearly informed the jurors that the State had the burden to disprove his affirmative defenses beyond a reasonable doubt. Under these circumstances, it cannot be said that the trial court's slip of the tongue clearly could have misled the jury. As a result, Arthur's appellate counsel did not render ineffective assistance by failing to assert this issue on appeal. See *Gober v. State*, 247 Ga. 652 (3) (278 SE2d 386) (1981).

The dissent contends that this case is controlled by *Bishop*, supra, and *Stinson*, supra. In making this claim, however, the dissent fails to take into consideration any of the factors which distinguish those cases from the present one. In this case, the trial court merely made a slip of the tongue and moments later correctly instructed the jury about a second affirmative defense; the defendant's attorney specifically informed the jury about the burden of proof for an affirmative defense;[4] and written instructions were sent out with the jury. Moreover, the totality of these circumstances must now be viewed through the lens of an ineffective assistance claim. None of these factors were present in *Bishop*, supra, or *Stinson*, supra.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., Benham and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

A majority of this Court today holds that it is not reversible error for a trial court to fail to instruct a jury, when requested, as to the State's burden of proof with regard to an affirmative defense. Because this holding is contrary to our case law and authorizes juries

---

[4] The dissent contends: "We thus have held that the failure to charge the jury on the State's burden of disproving the affirmative defense is reversible error even where, as in this case, the jury was instructed on the general burden of proof and counsel stated the correct burden of proof during closing argument. *Stinson v. State*, 273 Ga. 519, 520 (2) (544 SE2d 118) (2001)." This is not wholly accurate. In *Stinson*, the defendant's attorney did not specifically inform the jury regarding the State's burden of disproving an affirmative defense. Instead, he stated only that "the Judge is going to tell you . . . the burden of proof is on the State, it's on the Assistant DA in this case, . . . and I don't have to prove *anything* . . . ." (Emphasis in original.) Id. at 520 (2). In sharp contrast, Arthur's attorney informed the jury both on the general burden of proof and the more specific burden of proof relating to affirmative defenses.

to determine the guilt or innocence of a defendant with no direction as to the evidentiary burden applicable to an affirmative defense, I dissent.

In *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999), this Court resolved a three-decade long conflict in our cases concerning whether the failure to give a charge on the State's burden to disprove an affirmative defense constitutes reversible error. We resolved the conflict by holding that the failure to give the charge is reversible error and rejecting the ruling of previous cases which concluded that the failure to give the charge is not error when the charge as a whole is correct. We have not deviated from the ruling of *Bishop* in subsequent cases, instead making it absolutely clear that when a trial court fails to instruct a jury, when requested, on the State's burden of proof with regard to an affirmative defense, the defendant is entitled to a new trial. See *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997); *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984).

The majority opinion rejects this authority and distinguishes this case based on the fact that the trial court did not refuse to give the charge but committed its omission by a "slip of the tongue." Contrary to the majority opinion, however, our decisions on this issue turn not on whether the omission of the essential charge resulted from the court's refusal to give the charge or an inadvertent "slip of the tongue," but on the fact that in the absence of such a charge, the jury is improperly left either to guess as to the applicable burden of proof or to infer the State's burden from other general charges. We thus have held that the failure to charge the jury on the State's burden of disproving the affirmative defense is reversible error even where, as in this case, the jury was instructed on the general burden of proof and counsel stated the correct burden of proof during closing argument. *Stinson v. State*, 273 Ga. 519, 520 (2) (544 SE2d 118) (2001). See also *Shepperd*, supra; *Dubose v. State*, 187 Ga. App. 293 (1) (369 SE2d 924) (1988) (if defendant had not requested instruction regarding State's burden to disprove self-defense, the charge as given, including general instruction on State's burden of proof, would have been sufficient). Simply put, until today the rule of this Court has been that regardless of whatever else a jury may be told by the court or counsel, if the court fails, when requested, to give a specific instruction correctly informing the jury of the State's burden with regard to an affirmative defense, it is reversible error.[5]

---

[5] This position was consistent with our holding in *Conklin v. State*, 254 Ga. 558, 571 (10) (331 SE2d 532) (1985), in which we emphasized that a jury should receive the law from the

It follows that I also disagree with the majority opinion's characterization of the trial court's failure to give the charge as a "slip of the tongue" which clearly could not have misled or confused the jury. Rather than a "mere verbal inaccuracy" preceded and followed by correct instructions, the trial court's omission of the essential language constitutes a complete failure to charge the jury on the State's evidentiary burden to disprove the asserted affirmative defense, leaving the jury with no direction as to the applicable law. Compare *Davenport v. State*, 283 Ga. 171 (4) (656 SE2d 844) (2008) (slip of tongue as to particular issue which is preceded and followed by correct instruction on that issue will not vitiate otherwise correct instruction); *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512) (1949) (jury not misled by slip of tongue regarding "doubt" where court gave full and accurate instruction on law of "reasonable doubt").

Finally, I cannot agree with the majority opinion's determination that the jury in this case was informed of the correct burden of proof by way of the written charges. No written jury charges are included in the record on appeal, and therefore, the habeas court's finding that the written charges were "apparently" included in the full charge, and the majority's reliance on this finding, is not supported by the record.

Because this case is controlled by our decisions in *Bishop* and *Stinson* and Arthur would have been entitled to a new trial had appellate counsel raised this issue on appeal, I would find appellate counsel provided ineffective assistance and reverse.

I am authorized to state that Presiding Justice Hunstein and Justice Benham join this dissent.

DECIDED JUNE 1, 2009 —
RECONSIDERATION DENIED JUNE 29, 2009.

*Zell & Zell, Rodney S. Zell*, for appellant.
*Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.

---

court, not the attorneys, and held that there is no justification for "allowing an attorney to supplement the court's charge by reading, in the jury's presence, law that the court is not going to charge."