S95A0762. WILLIAMS v. THE STATE.
(461 SE2d 220)

SEARS, Justice.

The appellant, Ossie B. Williams, was convicted of the felony murder of Harvey Hearn, with aggravated assault as the underlying felony, and one count of possession of a firearm by a convicted felon. Williams now appeals, and for the following reasons we affirm.[1]

In the middle of the afternoon on August 23, 1992, Hearn, Williams, Larry Stroud, and Jeffrey Hambrick were standing together in the driveway of Stroud's house, which is across the street from Williams's home. Stroud testified that at one point Williams took out his gun and said to Hearn, "you know, I'm tired of your fucking mouth. We'll play Russian Roulette." Hambrick testified that he saw Williams open the cylinder of the revolver and shake out some of the bullets. Both Stroud and Hambrick testified that they asked Williams to put the gun away, but that Williams spun the cylinder and pointed

---

[1] The victim was killed on August 23, 1992. Williams was indicted on February 3, 1993. On August 31, 1994, the jury returned its verdict of guilty. Williams was given a life sentence for felony murder, and a concurrent sentence of five years for possession of a firearm. Williams filed a motion for a new trial on September 7, 1994, and an amended motion for new trial on November 14, 1994. The court reporter certified the transcript on October 10, 1994. The trial court denied Williams's motion for new trial on December 20, 1994, and Williams filed a notice of appeal that same day. The appeal was docketed in the Court of Appeals on January 31, 1995, and transferred to this Court on February 1, 1995.

the gun at Hearn's head from a distance of five to ten inches. Hambrick and Stroud then heard, but did not see, the gun discharge. The bullet struck Hearn in the head and killed him. After the victim was shot, Williams told Stroud and Hambrick that he believed the revolver was unloaded and did not intend to shoot Hearn.

The police officer who arrived on the scene and arrested Williams testified that while en route to the police station, Williams told him that he and the victim were playing Russian Roulette when the shooting occurred. Williams told the officer that he had removed all but one of the rounds from the gun, placed the gun to his own head, and then turned and placed the gun five to ten inches from the victim's head. He then pulled the trigger, discharging the gun. Another officer testified that during an interview with Williams at the police station, Williams told him that he had not intended to shoot the victim, and that he believed the gun to be unloaded. Williams testified at trial that on the way to the police station he told the officer that he believed that the gun was unloaded when he pulled the trigger. On direct examination, Williams testified that while the gun was close to Hearn's head, it was not pointed directly at the victim, and the gun discharged as the victim was grabbing for it. On cross-examination, Williams testified that he in fact discharged the gun, but believed the revolver was unloaded.

1. Williams contends that the trial court erred in denying his motion for directed verdict of acquittal. Considering the evidence in the light most favorable to the verdict, we find the evidence was sufficient to permit a rational trier of fact to find Williams guilty beyond a reasonable doubt of felony murder and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have examined Williams's remaining enumerations of error and find them to be without merit.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995 —
RECONSIDERATION DENIED OCTOBER 2, 1995.

*Lee Sexton & Associates, Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assis-*

---

[2] In the remaining enumerations of error, Williams contends that his conviction for felony murder violates the principles of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992); that the trial court erred by denying his motion to bar the use of the offense of the possession of a firearm by a convicted felon to support a felony murder charge; that the court erred by denying a motion for mistrial that Williams made after the state allegedly placed his character into evidence during its opening statement; and that the court erred in failing to give his requested charges on accident, misapprehension of fact, and justification.

*tant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.