S96A0504. KELLY v. THE STATE.
(469 SE2d 653)

HUNSTEIN, Justice.

Eric Lee Kelly was convicted of the felony murders of Stella Marie Thigpen and Floyd Thigpen. He appeals from the denial of his

motion for a new trial.[1]

1. Evidence at trial established that Ms. and Mr. Thigpen were shot during an armed robbery of their pawn shop/gun store. Sixty-three handguns could not be accounted for after the robbery. Mr. Thigpen was shot three times and died at the scene; Ms. Thigpen, who was shot four times, was alive when police arrived. She told an officer that she and her husband had been shot by two black males; that both men had been armed, with one carrying a .44 caliber Magnum revolver; and that the men left in a large, older-model, blue automobile. Ms. Thigpen died shortly thereafter from her wounds.

Expert testimony established that a .44 caliber Magnum revolver is a distinctive, readily-recognizable weapon but that the victims had died from gunshot wounds inflicted by a much different weapon, a Stallard Arms .9 millimeter handgun that was found seven months after the crimes occurred by two young men preparing to swim at a Richmond County creek.[2] The weapon belonged to Eric Crawford, who testified that Kelly and Dewayne McCord[3] came to his home the morning of the crimes and, after telling him they had to "get some guns," borrowed Crawford's already-loaded weapon "in case anything happens." Around noon (shortly after the crimes), Kelly phoned Crawford and Crawford went promptly to Kelly's home, where he found Kelly, McCord, and a cardboard box containing handguns.[4] He was told that the two men had to "throw away" Crawford's gun and he was allowed to select two new guns from the box. Crawford testified that later that same day, he returned the guns to McCord, after McCord told him that Crawford would be charged with murder if caught with them, and that Kelly came to his home and told him McCord had shot two people.

Kelly gave a statement to police that he went to the Thigpens' shop with McCord, but he did not know that McCord was planning a robbery; that he froze when McCord shot the Thigpens; and that he

---

[1] The homicides occurred on December 8, 1992. Kelly was indicted October 19, 1993 in Richmond County on two counts of murder, two counts of felony murder, one count of armed robbery, and one count of possession of a firearm during commission of a crime. The State's notice of intent to seek the death penalty was filed December 21, 1993. Kelly was found guilty of two counts of felony murder on May 24, 1995 and was sentenced to life imprisonment the same day. His motion for new trial was filed May 26, 1995, amended November 6, 1995 (but filed November 30), and denied November 14, 1995. A notice of appeal was filed on December 6, 1995. The appeal was docketed in this Court on December 21, 1995. This appeal was submitted for decision without oral argument.

[2] The .44 Magnum revolver that Ms. Thigpen saw in the hands of one of her assailants was not recovered.

[3] Dewayne McCord a/k/a Terrence Jones was Kelly's co-indictee. Pursuant to his motion in this capital prosecution, Kelly was tried separately. OCGA § 17-8-4.

[4] Although Crawford could not remember at trial the number of guns in the box, he acknowledged that he had previously estimated the number at at least 50.

only carried the stolen guns to the car because McCord threatened him and pointed his gun at Kelly.

We find the evidence sufficient to enable a rational trier of fact to find Kelly guilty of the two felony murders beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err by denying Kelly's motion for a directed verdict. See generally *Williams v. State*, 265 Ga. 691 (1) (461 SE2d 220) (1995).

2. Kelly contends the trial court eliminated his defense of coercion and thus committed reversible error by instructing the jury in its recharge on OCGA § 16-3-26 (coercion is not a defense to a charge of murder).[5] Kelly argues that the charge was error because coercion may be a defense to a charge of *felony* murder if the jury believes the underlying felony was the result of coercion. We need not consider this argument, however, because Kelly adduced no evidence that he was coerced into committing or being a party to the aggravated assaults which were the underlying felonies to the felony murder convictions. Rather, the only evidence of coercion in this case, presented in the form of Kelly's statement to the police and his comments to Crawford, establishes that the alleged coercion arose after the murders of the Thigpens, when McCord allegedly threatened Kelly and ordered him at gunpoint to remove the stolen weapons. Because the challenged charge applied only to the felony murder charges and Kelly's evidence of coercion "purportedly occurred subsequent to the events determinative of [Kelly's] guilt or innocence of the [felony murder crimes] with which he was charged," *McDaniel v. State*, 169 Ga. App. 254, 255 (2) (312 SE2d 363) (1983), this enumeration presents no reversible error.

3. We decline Kelly's invitation to reconsider our holding in *Baker v. State*, 236 Ga. 754 (225 SE2d 269) (1976).

4. The evidence supports the trial court's finding that Kelly, after invoking his right to counsel, voluntarily and without provocation reinitiated contact with police and that he thereafter knowingly and intelligently waived his right to counsel, as well as his other rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). See *Baird v. State*, 263 Ga. 868 (2) (440 SE2d 190) (1994).

5. We find no error in the trial court's admission of a .44 Magnum revolver similar to one Ms. Thigpen told police had been used in the crimes. *Boyd v. State*, 264 Ga. 490 (2) (448 SE2d 210) (1994).

*Judgment affirmed. All the Justices concur.*

---

[5] The trial court's recharge was in response to the jury's question whether a person could be found guilty of felony murder and/or armed robbery if he was threatened with bodily harm. The trial court properly charged the jury that coercion could be a defense to an armed robbery charge.

Decided April 29, 1996 —
Reconsideration denied May 23, 1996.

*Tony L. Axam, Gwendolyn Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.