## S02A0169. DURDEN v. THE STATE.

(561 SE2d 91)

HUNSTEIN, Justice.

Kendra Durden was convicted of murder, felony murder, attempted armed robbery, aggravated assault and possession of a firearm during the commission of a crime arising out of the shooting death of Patrick Ragan.[1] Finding no error, we affirm.

1. The jury was authorized to find that on August 28, 1998 appellant drove three associate gang members to the Kroger in Conyers. While appellant and fellow gang member Rory Hill were standing in line to purchase an item, Hill noticed Ragan paying for groceries with a large amount of cash. Appellant and Hill followed Ragan out of the store and, along with Robert Winkfield and appellant's step-brother Delvin Henderson, chased Ragan as he drove out of the parking lot. Appellant was driving as they pursued Ragan and according to other occupants in the vehicle throughout the pursuit appellant was "dancing" and appeared "excited, crumped, happy." When she pulled next

---

[1] The crimes occurred on August 28, 1998. Durden was indicted on November 16, 1998, in Walton County. On December 17, 1998 the State filed a notice of intent to seek the death penalty. Durden was tried before a jury on June 19-28, 2000 and was found guilty on all charges. In the sentencing phase of the trial, the jury found no statutory aggravating circumstances and Durden was sentenced to life imprisonment with a consecutive ten-year sentence on the armed robbery conviction and consecutive five-year sentence on the possession charge. The felony murder and aggravated assault convictions were vacated by operation of law. Her motion for new trial filed on July 25, 2000 and amended on March 1, 2001 was denied on June 15, 2001. Her notice of appeal was filed July 12, 2001. The case was docketed in this Court on October 17, 2001 and the case submitted for decision on the briefs.

to Ragan's car appellant instructed Winkfield to "get that car right there . . . don't punk out on me now." Winkfield fired several shots at Ragan. Some of the shots shattered Ragan's window and caused him to lose control of the car and swerve off the road. Ragan's death was caused by one bullet which pierced his aorta and penetrated his lung. Appellant stopped her car after Ragan ran off the road and started to get out, but changed her mind when her accomplices threatened to leave her at the scene. Hill and Henderson were given immunity for testifying. Appellant testified that she was coerced into her actions by threats and intimidation from Winkfield, a ranking gang member.

The jury determines the credibility of witnesses. OCGA § 24-9-80; *Akins v. State*, 269 Ga. 838 (1) (504 SE2d 196) (1998). Contrary to appellant's contention that there was not sufficient evidence to show that she was a willing participant in the crimes, the evidence adduced was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of malice murder, felony murder, attempted armed robbery, aggravated assault and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends she received ineffective assistance of counsel based on trial counsel's lack of qualification to represent her in a death penalty case, counsel's failure to investigate the relationship between her psychological abuse as a child and her involvement in the crimes, and in lead-counsel Farnham's alleged unprofessional errors in the courtroom. In order to prevail on this claim, appellant must show both that counsel's performance was deficient and that the deficient performance was prejudicial to her defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985).

Because the record fails to substantiate any basis for arguing that trial counsel were ineffective due to their lack of qualification as criminal attorneys, appellant's argument about the effectiveness of counsel on that issue fails. Moreover, pretermitting whether the issue is moot, appellant's contention that she was denied effective counsel because counsel purportedly did not meet the basic requirements for death penalty counsel, see Unified Appeal Procedure Rule II (A) (2001), is without merit. The trial court found that counsel met the qualifications for appointed counsel of the revised Unified Appeal Procedure, notwithstanding that the special requirements appellant complains about were not in effect at the time of counsel's appointment. Compare Unified Appeal Procedure (2000) with Unified Appeal Procedure, Rule II (A) (2001). Likewise, based on our review of the record, we find that appellant has failed to carry her burden of proving that her trial counsel's performance was deficient in regard to investigating the effect of purported emotional factors on her cul-

pability for the crimes or that lead counsel was lacking in professionalism in the courtroom.

3. The crime scene photographs which depicted the victim as he was found at the scene of the murder were relevant and properly admitted. See *Taylor v. State*, 271 Ga. 629 (2) (523 SE2d 322) (1999); *Jackson v. State*, 270 Ga. 494 (8) (512 SE2d 241) (1999).

4. Appellant complains that testimony from the victim's mother during the guilt/innocence phase of the trial in which she described the phone call she had with her son before the murder was unduly prejudicial. This testimony which was relevant to information about the chronology of the crime did not exceed acceptable boundaries because it did not unfairly prejudice the defendant or constitute improper victim impact testimony. See *Butts v. State*, 273 Ga. 760 (15) (546 SE2d 472) (2001).

5. Appellant objected to the unstipulated reference to a polygraph test and moved for a mistrial. We find no reversible error in the denial of the motion for mistrial. Witness Hill merely communicated to the jury in a spontaneous remark that he took a lie detector test. Since Hill did not further apprise the jury of the results of the test, there is no prejudice. *Gulley v. State*, 271 Ga. 337 (16) (519 SE2d 655) (1999); *White v. State*, 255 Ga. 210 (6) (336 SE2d 777) (1985). Furthermore, the trial court's prompt curative instructions to the jury to disregard Hill's statement was sufficient to prevent the testimony from having any prejudicial impact. See generally *Crawford v. State*, 256 Ga. 585 (2) (351 SE2d 199) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Anthony S. Carter*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan A. Cook, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.