## S05A0253. GRAVITT v. THE STATE.
(608 SE2d 202)

CARLEY, Justice.

In 2000, Lewis Cecil Gravitt, Jr. confessed to the Sheriff of Walker County that, ten years earlier, he killed Bryan Barnes by shooting him 14 times, and buried the body in a shallow grave on the Gravitt family farm. According to Gravitt, he did so in order to prevent a drug dealer, whom he refused to identify, from killing him and members of his family. This threat allegedly was made in retaliation for a theft of approximately $150,000 and a quantity of cocaine, in which the drug dealer erroneously believed that Gravitt and the victim participated. Recovery of the victim's body and eleven bullets from the area identified by Gravitt constituted corroboration of the confession. He was charged with malice murder, an alternative count of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and concealing the death of another. After a jury trial, Gravitt was found guilty of all counts. The felony murder count stood vacated by operation of law, and the trial court merged the aggravated assault count into the malice murder. *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). The trial court entered judgments of conviction on the remaining guilty verdicts and sentenced Gravitt to life imprisonment for malice murder, a consecutive five-year term for the firearm possession, and a concurrent ten-year term for the concealment offense. A motion for new trial was denied, and he appeals.[1]

1. When it is construed so as to support the verdict, the evidence was sufficient to enable a rational trier of fact to find Gravitt guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Conaway v. State*, 277 Ga. 422, 423 (1) (589 SE2d 108) (2003); *Luther v. State*, 255 Ga. 706, 709 (3) (342 SE2d 316) (1986).

---

[1] The crimes occurred on an unknown date in 1990, and the grand jury returned the indictment on November 6, 2000. The jury found Gravitt guilty on December 7, 2000 and, on the next day, the trial court entered the judgments of conviction and sentences. On December 28, 2000, Gravitt filed a motion for new trial, which the trial court denied on March 23, 2004. Gravitt filed a notice of appeal on April 21, 2004. The case was docketed in this Court on October 7, 2004, and submitted for decision on November 29, 2004.

2. Gravitt contends that the trial court erroneously refused to charge the jury on justification as his sole defense. Although he requested the suggested pattern jury instruction on self-defense and defense of others, Gravitt also relies on OCGA § 16-3-20 (6), the omnibus provision of Georgia's justification statute: "The defense of justification can be claimed . . . [i]n all other instances which stand upon the same footing of reason and justice as those enumerated in [OCGA § 16-3-20 et seq.]" See *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991) (defendant was entitled to instruction on the defense of justification based on OCGA § 16-3-20 (6)).

Here, Gravitt's alleged criminal acts are directed toward a non-aggressor victim. According to his testimony, only the anonymous drug dealer was the aggressor. Under such circumstances, self-defense and defense of others are not in issue. *Graham v. State*, 239 Ga. App. 429, 431 (1) (a) (521 SE2d 249) (1999). Gravitt's testimony most nearly raises the defense of coercion. OCGA § 16-3-26; *Conaway v. State*, supra; *Luther v. State*, supra; *Graham v. State*, supra at 431 (1) (b). However, the only possible act which his testimony showed to be coerced was murder, and OCGA § 16-3-26 explicitly provides that coercion is not a defense to that crime. *Conaway v. State*, supra at 424 (2); *Kelly v. State*, 266 Ga. 709, 711 (2) (469 SE2d 653) (1996); *Luther v. State*, supra.

Nevertheless, one commentator has suggested that the omnibus justification defense of OCGA § 16-3-20 (6) seems to have the same footing of reason and justice as the coercion defense set forth in OCGA § 16-3-26 when there is evidence of "a threat of imminent death or great bodily injury to two or more people, which the actor can avoid only by killing one innocent person . . . ." Kurtz, Criminal Offenses and Defenses in Ga. (2004 ed.), "Justification Defense." There are not any Georgia appellate opinions which so hold, even though the omnibus provision has been applied in several other instances. Kurtz, supra. However, we need not address this issue here, since there is no evidence that Gravitt or any member of his family was threatened with "imminent death or great bodily injury." OCGA § 16-3-26; Kurtz, supra. See also *Hoover v. State*, 198 Ga. App. 481, 482 (4) (402 SE2d 92) (1991) ("[I]n order to 'stand upon the same footing of reason and justice,' a defense of justification under OCGA § 16-3-20 (6) would still have to be premised upon the asserted prevention of 'imminent use of unlawful force.' [Cit.]"). Gravitt's testimony shows that any such threat was not imminent: He testified that he and the victim were given two weeks to return the money and drugs, but were unable to do so. The drug dealer later told Gravitt that the only way to prove that he was not involved in the theft and to keep his mother and brother safe was to kill the victim. Gravitt shot the victim a few days later while they were camping out at the farm, and the drug dealer

arrived there 45 minutes to an hour after being called. The only danger allegedly faced by the defendant and his family was of future retribution, and they did not confront any threat of present and immediate violence at the time of the homicide. *Conaway v. State,* supra. Accordingly, there was not any evidence that Gravitt's actions were justified and, thus, "the trial court's obligation under *Tarvestad* to instruct the jury on the defendant's sole defense dissolved." *Porter v. State,* 272 Ga. 533, 535 (3) (531 SE2d 97) (2000).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2005 —
RECONSIDERATION DENIED FEBRUARY 21, 2005.

*Jennifer E. Hildebrand,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.