## S07A1091. JONES v. THE STATE.
### (647 SE2d 576)

THOMPSON, Justice.

Defendant Henry Lee Jones was convicted of malice murder and weapons possession charges in connection with the shooting death of Pierre Delahousasaye.[1] We find no harmful error and affirm.

Viewing the evidence in a light favorable to the verdict, we find the following: Jones and the victim lived in the same rooming house. Jones often intimidated the victim and demanded money from him. On the night of the crimes, Jones sent the victim to buy crack cocaine. The victim returned to the rooming house empty handed, claiming he threw the drugs away when he was approached by police. Jones became very angry, argued with the victim, and shot him in the eye. Jones then dragged the victim outside and fled. When emergency personnel and the police arrived, the victim was uncooperative and would not say who shot him. Later, in the emergency room, the victim was asked more than 20 times who shot him. With one exception, the victim did not provide an answer; but one time, he said that "Steve" shot him accidentally. The victim died from his wound within a week.

1. The evidence is sufficient to enable any rational trier of fact to find Jones guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The shooting occurred on October 28, 2003. Jones was indicted on April 12, 2005, and charged with malice murder, felony murder (two counts), aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and influencing witnesses (two counts). Trial commenced on August 8, 2005, and the jury returned its verdict on August 11, finding Jones not guilty of the influencing witnesses counts, and guilty on the other counts. Jones was sentenced to life in prison for malice murder, five years for possession of a firearm by a convicted felon, and five years (consecutive) for possession of a firearm during the commission of a felony. The felony murder and aggravated assault convictions were vacated and merged. See *Mitchell v. State,* 275 Ga. 42, 43 (2) (561 SE2d 803) (2002). Jones filed a timely motion for new trial which was denied on December 14, 2006. The notice of appeal was filed on January 11, 2007. The case was docketed in this Court on April 9, 2007, and submitted for a decision on briefs on June 4, 2007.

2. The trial court did not err in admitting evidence that Jones was in possession of a handgun "around the time of the shooting."[2] The evidence was relevant and material to the charge of possession of a weapon by a convicted felon. See *Fulton v. State*, 232 Ga. App. 898, 900 (4) (503 SE2d 54) (1998).

3. The trial court did not err in charging the jury that it was not necessary for defendant to show that another person committed the crimes; but that " '[i]t is sufficient if there are facts and circumstances . . . which would raise a reasonable doubt whether this defendant is, in fact, the person who committed the crime[s].' " The charge was not impermissibly burden shifting. *Mallory v. State*, 271 Ga. 150, 152 (4) (517 SE2d 780) (1999).

4. Any error in the giving of an eyewitness "level of certainty" instruction[3] was harmless inasmuch as the eyewitnesses were acquainted with Jones before he shot and killed the victim. *Conway v. State*, 281 Ga. 685, 688 (2) (642 SE2d 673) (2007).

5. Jones' assertion that a charge on similar crimes should include a standard of proof greater than a "preponderance of the evidence" has been decided against him previously. *McKee v. State*, 277 Ga. 577, 578 (591 SE2d 814) (2004); *Freeman v. State*, 268 Ga. 185, 187 (4) (486 SE2d 348) (1997).

6. One of the eyewitnesses who lived in the rooming house testified that when the victim was first shot, he "was sitting in the hallway, it was no blood anywhere in that rooming house." The witness added that when he went down the steps and into the yard, "blood was coming out of [the victim's] ears, his mouth, his nose and his eyes." Jones asserts his trial counsel rendered ineffective assistance because he did not ask additional questions to establish that no blood was found inside the rooming house and did not bring out this fact in closing argument. In this regard, Jones argues that that evidence would have bolstered his claim that the victim was shot outside of the rooming house by "Steve."

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Washington v.*

---

[2] Jones asserts this evidence was introduced in violation of OCGA § 24-9-20 (b) inasmuch as it constituted evidence of general bad character. Although not raised by the parties, we note that an amendment to that Code section struck the language prohibiting the introduction of bad character evidence and the new Code section, with the bad character language deleted, is to be applied to all trials commencing on or after July 1, 2005.

[3] See *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005).

*State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003). The reasonableness of counsel's conduct is to be viewed as of the time of trial and under the circumstances of the case. It is not to be viewed by hindsight. *Jackson v. State*, 276 Ga. 94, 96 (6) (575 SE2d 447) (2003).

In cross-examining the detective who investigated the murder, defense counsel established that there was no physical evidence to corroborate the State's version of the facts. Furthermore, during closing argument, defense counsel focused the jury's attention on the absence of forensic evidence in the rooming house, specifically arguing that photographs of the rooming house showed that the premises were very small, that the hallways were narrow and that the stippling should have been found on the walls if the victim had been shot in the rooming house as the eyewitnesses testified. Thus, defense counsel elicited testimony establishing the absence of forensic evidence, which would include blood evidence, in the rooming house, and counsel emphasized the absence of such evidence during closing argument to contradict the eyewitness testimony and support Jones' defense. It cannot be said that counsel was ineffective simply because another attorney might have placed more or a different emphasis on the evidence. See *Harris v. State*, 280 Ga. 372, 374 (3) (627 SE2d 562) (2006) (although with hindsight counsel could have taken a different approach to witness credibility, the approach he took fell within the wide range of reasonable professional conduct).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2007.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mary N. Kimmey, Assistant Attorney General*, for appellee.