## S08A0175. DAVENPORT v. THE STATE.
(656 SE2d 844)

CARLEY, Justice.

After a jury trial, Joshua Davenport was found guilty of the malice murder of Steven Tanks, aggravated assault on Jamil Tanks, and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on those verdicts and sentenced Davenport to life imprisonment for murder and consecutive terms of years for the other two counts. Appellant filed a motion for new trial, which was denied, and he appeals.[*]

1. When construed most strongly in support of the guilty verdicts, the evidence shows the following: Davenport's friend Byron Stanford was in his vehicle, which was parked at a restaurant, when Steven and Jamil Tanks, who were brothers, entered the vehicle to purchase drugs and instead robbed Stanford at gunpoint. Davenport was in the vicinity, retrieved a rifle from his nearby vehicle, and fired at the brothers as they were running away. Steven Tanks was struck in his back and thigh by the gunfire, and died from his wounds. This evidence was sufficient to authorize a rational trier of fact to find Davenport guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Woolfolk v. State*, 282 Ga. 139 (1) (644 SE2d 828) (2007); *Roper v. State*, 281 Ga. 878, 879 (1) (644 SE2d 120) (2007).

2. Davenport contends that the trial court erred in admitting the testimony of the victims' mother. The only objection raised at trial was that this testimony was irrelevant and inflammatory. That objection " 'is "entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. (Cits.)" (Cit.)' [Cit.]" *Willis v. State*, 263 Ga. 70, 71 (2) (428 SE2d 338) (1993). See also *Williams v. State*, 207 Ga. App. 408 (427 SE2d 869) (1993).

Moreover, at least portions of the testimony of the victims' mother did not constitute improper character evidence, and were relevant to show certain information regarding the victims, including Steven's death, Jamil's misleading statements and his eventual admission that he was present at the scene of the crimes. See *Durden v. State*, 274 Ga. 868, 870 (4) (561 SE2d 91) (2002); *Smith v. State*, 255 Ga. 685, 686 (2) (341 SE2d 451) (1986).

---

[*] The crimes occurred on July 3, 2002, and the grand jury returned an indictment on June 20, 2003. The jury found Davenport guilty on June 17, 2005, and the trial court entered judgment on June 21, 2005. The motion for new trial was filed on July 8, 2005, amended on August 21, 2006, and denied on October 3, 2006. Davenport filed the notice of appeal on October 30, 2006. The case was docketed in this Court on October 2, 2007, and orally argued on January 7, 2008.

" '(W)hen evidence is offered, part admissible, and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit the whole.' (Cit.) Because [Davenport's] general objection went to at least some admissible evidence, it was not error to admit the whole of (the) testimony." [Cit.]

*Willis v. State*, supra.

3. Davenport urges that the trial court erred by omitting from its charge on self-defense and justification the purported principle that shooting a fleeing armed robber immediately after the armed robbery is justifiable under existing law. However, Davenport

has failed to show that he ever requested an instruction regarding the issue he now raises, and he has also failed to provide any recitation of the charge which he now claims should have been given to the jury. In the absence of a specific request to charge, it is not error for the trial court to not give a charge. [Cit.]

*Stinchcomb v. State*, 280 Ga. 170, 172-173 (3) (626 SE2d 88) (2006). Moreover, the trial court fully explained the concept of justification, including self-defense, defense of others, the use of deadly force, and the absence of a duty to retreat. " 'We conclude that the charge when taken as a whole was adequate, and we consequently find this enumeration to be without merit.' [Cit.]" *Christopher v. State*, 269 Ga. 382, 383 (3) (497 SE2d 803) (1998).

4. The trial court gave the following charge: "If there should have been an interval between provocation and killing sufficient for the voice of reason and humanity to be heard, the jury in all cases shall decide the killing may be attributed to revenge and punished for murder." Davenport enumerates this instruction as error on the ground that it effectively directed a verdict of guilt of malice murder.

The transcript shows that the charge followed the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d ed.), § 2.03.41, p. 59, except for the omission of the word "which" prior to the clause "the jury in all cases shall decide" and omission of a comma immediately after that clause. See *Willingham v. State*, 268 Ga. 64, 65 (5) (485 SE2d 735) (1997). " 'A mere verbal inaccuracy resulting from a slip of the tongue which does not clearly mislead or confuse the jury is not reversible error.' [Cit.]" *Delacruz v. State*, 280 Ga. 392, 398 (5) (627 SE2d 579) (2006). Immediately prior to the instruction of which Davenport complains, the trial court correctly charged the definition of voluntary manslaughter and, immediately afterwards, the trial court instructed the jury that "the burden of proof is upon the State

to prove beyond a reasonable doubt that the offense is not so mitigated." "It is axiomatic that the jury charge is to be read as a whole, and that a single lapsus linguae, preceded and followed by correct instructions, will not vitiate a thorough and otherwise correct instruction." *Wade v. State,* 197 Ga. App. 464, 465 (1) (398 SE2d 728) (1990). "The true meaning was clear from the context of the charge as a whole and was thus not misleading. [Cits.]" *Little v. State,* 180 Ga. App. 359, 361 (2) (349 SE2d 248) (1986). See also *Delacruz v. State,* supra.

Moreover, the trial court sent out with the jury a written copy of its entire charge, including the fully accurate instruction regarding the jury's consideration of the time between the provocation and the killing. See *Willingham v. State,* supra at 66 (5); *Brantley v. State,* 271 Ga. App. 733, 736 (1) (611 SE2d 71) (2005); *Jackson v. State,* 246 Ga. App. 731, 733 (2) (541 SE2d 701) (2000). "Thus, in considering the charge in its entirety, we are satisfied that the misstatement did not amount to reversible error. [Cit.]" *Delacruz v. State,* supra.

Davenport also complains of the trial court's justification charge with regard to the prevention of a forcible felony, because it merely referred to the previous definition of aggravated assault. That definition did not specifically refer to any action by the victim, but rather mentioned only the actions of the defendant in the context of the crimes with which he was charged. However,

"[i]t is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required." [Cit.] We conclude that there was no error in the charge because the charge as a whole was not likely to confuse the jury.

*Beck v. State,* 211 Ga. App. 125, 128 (3) (d) (438 SE2d 391) (1993).

5. Davenport further contends that trial counsel rendered ineffective assistance in several instances. To prevail on this claim, Davenport "was required to show both that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); [cit.]." *Ros v. State,* 279 Ga. 604, 607 (6) (619 SE2d 644) (2005). "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts. [Cit.]" *Franks v. State,* 278 Ga. 246, 250 (2) (599 SE2d 134) (2004).

Davenport asserts that the performance of defense counsel was deficient in that he failed to request a charge based on OCGA

§ 16-3-20 (6). That provision states that a justification defense can be claimed "[i]n all other instances which stand upon the same footing of reason and justice as those enumerated in [OCGA § 16-3-20 et seq.]." See *Gravitt v. State*, 279 Ga. 33, 34 (2) (608 SE2d 202) (2005). Trial counsel testified that his strategy was to request instructions on self-defense and defense of others. The trial court properly charged on those defenses,

> and the justification charge now espoused by [Davenport] was not adjusted to the evidence of the case. In addition, [he] has failed to show harm with regard to this contention. Therefore, his trial counsel did not render ineffective assistance by failing to request a charge which was not adjusted to the facts of the case.

*Stinchcomb v. State*, supra at 174 (5).

Davenport also complains of the failure of his counsel to request a charge on involuntary manslaughter. Davenport was not entitled to an instruction on involuntary manslaughter during the commission of an unlawful act, because the only such act proved to have been committed by him was aggravated assault, which is a felony. *Ros v. State*, supra at 608 (6); *Crawford v. State*, 245 Ga. 89, 92 (3) (263 SE2d 131) (1980). Furthermore, a charge on involuntary manslaughter during the commission of a lawful act in an unlawful manner "is not required where, as here, the defendant asserts self-defense. [Cits.]" *Morgan v. State*, 275 Ga. 222, 225 (6) (564 SE2d 192) (2002). See also *Willis v. State*, 258 Ga. 477 (1) (371 SE2d 376) (1988). Compare *Bryant v. State*, 246 Ga. App. 711, 712 (1), fn. 1 (541 SE2d 80) (2000) (where defendant was a police officer). Accordingly, Davenport was not prejudiced by counsel's decision not to request an instruction on involuntary manslaughter. *Ros v. State*, supra.

Davenport further contends that he should have been called to testify in his own defense that Steven Tanks pointed a gun at him. Trial counsel's testimony at the hearing on the motion for new trial shows that Davenport made the final decision not to take the stand after being advised against testifying so as to avoid a potentially damaging cross-examination when the evidence was already clear that Steven Tanks possessed a gun.

> " '(A)fter having been informed, the defendant, and not his attorney, makes the ultimate decision about . . . whether or not to testify in his own behalf, (cit.) . . .' (Cit.)" [Cit.] [Davenport] cannot complain of his own election to follow the reasonable tactical advice of his lawyer. [Cit.]

*Doctor v. State*, 275 Ga. 612, 615 (5) (d) (571 SE2d 347) (2002), overruled on other grounds, *Jones v. State*, 279 Ga. 854, 858 (3) (622 SE2d 1) (2005). See also *Price v. State*, 280 Ga. 193, 198 (5) (b) (625 SE2d 397) (2006), disapproved on other grounds, *Patel v. State*, 282 Ga. 412, 413 (2), fn. 2 (651 SE2d 55) (2007).

Davenport also urges that trial counsel was ineffective in failing to state even once during closing argument that Davenport was justified in shooting Steven Tanks. However, counsel argued the State's high burden to prove beyond a reasonable doubt that Davenport was not justified in his actions. His attorney also reviewed the evidence supporting the opposite conclusion in some detail, including the proof that Steven Tanks was armed and the lack of evidence concerning the distance between the two.

> [D]efense counsel "is given wide latitude in making closing arguments. (Cit.) This Court will not, with benefit of hindsight, second-guess defense trial strategies in closing arguments. Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient. (Cit.)" [Cit.]

*Cooper v. State*, 281 Ga. 760, 763 (4) (c) (642 SE2d 817) (2007). See also *Allen v. State*, 263 Ga. 60, 62 (4) (428 SE2d 73) (1993). It cannot be said that trial counsel was ineffective simply because another attorney might have used different language or placed a different emphasis on the evidence. See *Jones v. State*, 282 Ga. 306, 308 (6) (647 SE2d 576) (2007).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.