## S11A0421. GADSON v. THE STATE.

(707 SE2d 868)

HUNSTEIN, Chief Justice.

Nkosi Gadson was found guilty of committing a series of crimes against Amady Seydi and Tarah Medsker, culminating in the shooting death of Seydi on October 11, 2005. He appeals from the denial of his motion for new trial,[1] challenging the sufficiency of the

---

[1] Gadson was indicted in Fulton County on November 13, 2007. The 12-count indictment involved crimes that occurred on October 11, 2005 (malice murder, two counts of felony murder, two counts of aggravated assault, burglary with intent to commit an aggravated assault and possession of marijuana); crimes that occurred on October 8, 2005 (two counts of aggravated assault); burglary that occurred between September 21, 2005 and October 10,

evidence, the trial court's instructions to the jury and the effectiveness of his trial counsel. Finding no error, we affirm.

1. The evidence adduced at trial authorized the jury to find that Amady Seydi and his girlfriend, Tarah Medsker, lived in an apartment in the same complex where appellant and his brother, co-defendant Joseph Gadson ("Joseph"), resided. Seydi sold items such as t-shirts, watches, DVDs and small amounts of marijuana; Medsker knew appellant because he regularly purchased marijuana from Seydi. Shortly after one occasion when appellant falsely claimed that Seydi had "shorted" him in a marijuana sale, Seydi's apartment was burglarized. Two days before the shooting, appellant and Joseph came to Seydi's apartment; appellant, armed with a weapon, threatened both Seydi and Medsker. Before leaving, appellant and Joseph took Seydi's gun and Medsker's cell phone. Because of this incident, Seydi and Medsker decided to move and immediately began packing. By the evening of October 11, 2005, Seydi and Medsker were at the apartment removing the last of their belongings when Medsker answered a knock on the door and admitted a man she believed to be a friendly acquaintance. He was followed by appellant and Joseph, who held a gun to Medsker's head while appellant, who was also armed, sought out Seydi. Seydi was shot nine times and died at the scene.

In a search of appellant's apartment, police officers recovered Medsker's cell phone and items taken during the earlier burglary; they also found cocaine, marijuana and stocking masks like the one Joseph wore during the shooting.

Contrary to appellant's contention that his convictions were based solely on "shaky" eyewitness testimony, the transcript reveals that eyewitness Medsker consistently identified him to law enforcement and at trial because of her familiarity with him based on his prior purchases of marijuana from Seydi and the encounters she had with him both at the time of the murder and the earlier aggravated

2005; possession of cocaine that occurred September 22, 2005 through October 11, 2005; and possession of a firearm during the commission of a felony. He was tried together with his brother, co-defendant Joseph Gadson, and found guilty on all charges on September 3, 2008. He was sentenced the next day to life in prison for malice murder; the felony murder counts, the October 11 aggravated assault of the murder victim and the October 11 burglary charge were merged therein or vacated by operation of law. He was also sentenced to twenty years consecutive for both the October 11 aggravated assault on Medsker and the October 8 aggravated assault on Seydi; five years consecutive for the firearm possession charge; twenty years concurrent for the earlier burglary and the October 8 aggravated assault on Medsker; 15 years concurrent for cocaine possession; and twelve months concurrent for marijuana possession. His timely filed motion for new trial, as amended on March 15, 2010, was denied May 4, 2010. A notice of appeal was filed August 16, 2010 pursuant to the trial court's grant of an out-of-time appeal. The appeal was docketed for the January 2011 term in this Court and was submitted for decision on the briefs.

assault. Moreover, it was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence. See *Vega v. State*, 285 Ga. 32 (1) (673 SE2d 223) (2009). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pretermitting appellant's failure to object, but see OCGA § 17-8-58, "[a]ny error in the giving of an eyewitness 'level of certainty' instruction was harmless inasmuch as the eyewitness [was] acquainted with [appellant] before he shot and killed the victim. [Cit.]" (Footnote omitted.) *Jones v. State*, 282 Ga. 306, 307 (4) (647 SE2d 576) (2007).

3. Appellant contends his trial counsel was ineffective in three particulars. In order to prevail on his ineffectiveness claim, appellant must show that his attorney's performance was deficient and that the deficiency so prejudiced him that a reasonable probability exists that, but for counsel's errors, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Appellant failed to make the requisite showings.

(a) For the reason set forth in Division 2, supra, appellant cannot show how he was prejudiced by counsel's failure to object to the "level of certainty" instruction given by the trial court. See generally *Jones v. State*, 288 Ga. 431, 434 (704 SE2d 776) (2011) (under *Strickland*, this Court need not determine whether counsel's performance was deficient before determining whether a defendant suffered prejudice as a result of the alleged deficiency).

(b) As to appellant's claim that counsel was ineffective for failing to offer the testimony of an expert on the vagaries of eyewitness identification, appellant did not show that he was prejudiced by counsel's performance, in that he did not call any eyewitness identification expert to testify at the hearing on his motion for new trial or provide a legally recognized substitute for such an expert's testimony. See *Jennings v. State*, 288 Ga. 120 (6) (d) (702 SE2d 151) (2010).

(c) Appellant contends trial counsel was ineffective for failing to move to redact portions of his videotaped interview with a police officer. Although appellant contends the challenged interview was played to the jury and trial counsel, in his affidavit submitted in support of appellant's motion for new trial, averred that "at trial, [he] did not make objection to play back of audio" of the interview, our review of the trial transcript establishes that no taped interview with appellant was ever played to the jury. Instead, the transcript reflects that the police officer in his testimony related the pertinent

details of the interview and that the "non-redacted" matters of which appellant complains were never placed before the jury. Accordingly, this enumeration is utterly without merit.

4. As noted above, see footnote 1, supra, the jury's guilty verdict on the offense of felony murder predicated upon burglary with intent to commit a felony (Count 3) was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the guilty verdict on the underlying felony of burglary with intent to commit a felony (Count 6) was factually merged by the trial court, as it was authorized to do. See id. at 374 (5). Accordingly, appellant cannot show that he was harmed by the asserted error in the trial court's instructions to the jury as to burglary with intent to commit a felony. See *Mezick v. State*, 291 Ga. App. 257 (3) (661 SE2d 635) (2008) (defendant cannot show harm from error in instruction regarding offense the trial court at sentencing merged into another conviction).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.
*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Arthur C. Walton, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.